IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| GREG CRADDOCK, <br><br> Plaintiff, <br><br> vs. <br><br> RURAL COMMUNITY INSURANCE COMPANY, d/b/a RCIS, <br><br> Defendant. | Case No.:_____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant, Rural Community Insurance Company, removes this action to the United States District Court for the Western District of Kentucky, Bowling Green Division.  The basis for federal subject matter jurisdiction is 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.  As further grounds for removal, the Defendant would show as follows:

**Civil Action Removed**

1. This action was commenced in the Metcalfe Circuit Court for the Commonwealth of Kentucky on September 26, 2019, and designated as Case No. 19-CI-00117 on the docket of that court.  True and complete copies of all pleadings served to date on the Defendant are attached hereto as follows:

    Exhibit 1:    Civil Summons

    Exhibit 2:    Verified Complaint

**Facts Supporting Diversity Jurisdiction**

2. Greg Craddock is an adult citizen of Metcalfe County, Kentucky.

3. Rural Community Insurance Company ("RCIC") is a Minnesota corporation engaged in the insurance business with a principal place of business located in Anoka County, Minnesota.

4. "Rural Community Insurance Services" and the initials "RCIS" are trade styles employed by RCIC and certain of its affiliates. If and to the extent that the Court might consider "Rural Community Insurance Services" and/or "RCIS" to be a party, this Notice of Removal should be deemed filed on behalf of "Rural Community Insurance Services" and "RCIS" (in addition to RCIC).

5. As shown above, this is an action between "citizens of different states" for purposes of 28 U.S.C. § 1332(a)(1), as the Plaintiff is a citizen of Kentucky and the Defendant is a citizen of Minnesota.

**Facts Supporting Jurisdictional Amount**

6. This is an insurance dispute involving alleged hail damage to tobacco crops grown by Plaintiff in Metcalfe County, Kentucky. Plaintiff has asserted claims for breach of contract, first-party bad faith, and alleged violations of the Kentucky Unfair Claims Settlement Practices Act. *See* Complaint at ¶s 8, 11 & 13. Plaintiff is seeking contractual indemnities in the sum of $39,395, along with unspecified consequential damages, pre-judgment interest (at a rate of 12% per annum), punitive damages, and attorneys' fees and expenses. *Id.* at ¶s 9-10, 12 & 14. The values of these other damages must be aggregated with the alleged contractual indemnities to determine the full amount in controversy. In considering the punitive damages claim alone, it is clear that the aggregate amount in controversy exceeds $75,000. The United States Supreme Court has embraced a punitive-to-compensatory damages ratio near 4:1. *See State Farm Mut.*

*Auto Ins. Co. v. Campbell*, 538 U.S. 408, 424-26 (2003). *See also Lovelace v. Stonebridge Life Ins. Co., 2013 U.S. Dist. LEXIS 154180, *5* (W.D. Ky. Oct. 27, 2013) (citing *Campbell* in case arising under Kentucky Unfair Claims Settlement Practices Act to support determination that even a 2:1 punitive-to-compensatory damage award would have resulted in an amount in controversy above $75,000). In this case, a punitive-to-compensatory damages ratio of even 2:1 would result in a potential punitive damages award of $78,790, bringing total potential damages to $118,185. This does not take into account the additional claims for consequential damages, attorneys' fees, and prejudgment interest. On these facts, the Defendant submits that the amount in controversy clearly exceeds $75,000, exclusive of interests and costs, as required pursuant to 28 U.S.C. § 1332(a).

### Timeliness of Removal

7. The Complaint was filed with the Clerk of the Metcalfe Circuit Court on September 26, 2019. RCIC was served with process on October 28, 2019. Pursuant to 28 U.S.C. § 1446(b), "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, ..." In consideration of the foregoing, this notice of removal, which is being filed within 30 days after service of the Complaint on the Defendant, is timely.

### Notice to State Court

8. As required by 28 U.S.C. § 1446(d), Defendant certifies that, promptly after the filing of this Notice of Removal with this Court, written notice of the filing of the Notice will be given to all parties, and Defendant will file a notification of removal attaching a copy of this Notice of Removal with the Clerk of the Circuit Court of Metcalfe County, Kentucky. A copy of the notification to be filed with the state court clerk is attached as Exhibit 3.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that the Court will receive this Notice of Removal, place it upon the docket of this Court, and that the Metcalfe Circuit Court for the Commonwealth of Kentucky will proceed no further with this action unless and until the case is remanded.

Date: November 15th, 2019

Respectfully submitted,

Judd, Satterfield & Associates, PLLC
869 Broadway Avenue
P.O. Box 51093
Bowling Green, KY 42101
(270) 904-4141
(888) 590-2842

S/Harlan Judd_____
 Harlan E. Judd III

*Attorneys for Rural Community Insurance Company*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been placed US Mail, postage prepaid, to the following on this the 15th day of November, 2019.

Nicholas A. Carter
Attorney at Law, PLLC
110 West 3rd Street
P.O. Box 155
Tompkinsville, KY 42167